HON. HENRY D. BLUMBERG Town Attorney, Danube
This is in response to your letter requesting the opinion of the Attorney General as to whether chapter 365 of the Laws of 1976 provides authority for a town to establish, by local law, a sales tax of 2% or 3% on restaurant meals and gasoline.
Chapter 365 of the Laws of 1976, effective June 15, 1976, amended section 10 of the Municipal Home Rule Law in relation to the power of towns to adopt local laws. That section now reads, in pertinent part, as follows:
 "§ 10. General powers of local governments to adopt and amend local laws
 "1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
* * *
 "(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
* * *
"d. A town:
* * *
 "(3) The amendment or supersession in its application to it, of any provision of the town law relating to the property, affairs or government of the town or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law. Unless authorized by other statute this subparagraph shall not be deemed to authorize supersession of a general law relating to (1) creation, abolition or alteration of a special or improvement district or of an improvement area, (2) creation or alteration of areas of taxation, (3) authorization or abolition of mandatory and permissive referendum or (4) town finances as provided in article eight of the town law; provided, however that nothing set forth herein shall preclude the transfer or assignment of functions, powers and duties from one town officer or employee to another town officer or employee, and provided, however, further that the powers of local legislation and appropriation shall be exercised by the local legislative body." (Emphasis supplied.)
Under the above statute, a town is now empowered to supersede or amend, with certain limitations, general laws which are provisions of the Town Law. The statute does not authorize a town, by local law, to supersede or amend any general law. The authorization to levy local sales taxes is contained in Article 29 of the Tax Law and extends to cities, counties and certain school districts. Towns are not authorized under that Article to levy sales tax. Since the sales tax provisions are contained in the Tax Law, the portion of section 10 of the Municipal Home Rule Law quoted above does not authorize a town to supersede or amend these provisions.
We conclude, therfore, that chapter 365 of the Laws of 1976 does not authorize a town to enact a local law establishing a sales tax on the sale of restaurant meals and gasoline.